IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY LEE DIXON,                )
                                  )
        Petitioner,                )
                                  )   Civil No. 03-921-ST
     v.                            )
                                  )
BRIAN BELLEQUE,                   )   FINDINGS AND RECOMMENDATION
                                  )
        Respondent.                )

   Anthony D. Bornstein
   Assistant Federal Public Defender
   101 S.W. Main Street, Suite 1700
   Portland, Oregon 97204

        Attorney for Petitioner

   Hardy Myers
   Attorney General
   Lester R. Huntsinger
   Assistant Attorney General
   Department of Justice
   1162 Court Street NE
   Salem, Oregon 97310

        Attorneys for Respondent

 1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges his underlying state-court convictions for Sodomy in the First Degree, Sexual Abuse in the First Degree and Attempted Rape in the First Degree on the basis that he suffered from ineffective assistance of counsel during his trial. For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (docket #36) should be denied, and judgment should enter dismissing this case with prejudice.

## BACKGROUND

According to the prosecution's evidence, on June 19, 1996, petitioner introduced himself to the victim, Marianne Perkins, at the Embers Supper Club ("the Embers"). The State alleged that petitioner sat down at Perkins' table uninvited, and she rejected his advances. When Perkins left the Embers, petitioner accosted her and forcibly led her to his motel room. Once inside, petitioner forced Perkins to ingest alcohol and drugs, then proceeded to commit sexual crimes against her. As a result, petitioner was charged in Lane County with two counts of Sodomy in the First Degree, two counts of Unlawful Sexual Penetration in the First Degree, two counts of Sexual Abuse in the First Degree, one count of Attempted Rape in the First Degree, and one count of Kidnaping in the First Degree. Respondent's Exhibit 102.

Petitioner's defense at trial was one of mutual consent. The jury returned a not guilty verdict on the Unlawful Sexual Penetration and Kidnaping charges, but convicted him of all Sodomy, Sexual Abuse, and Attempted Rape charges. Petitioner was sentenced to 368 months in prison and a term of post-prison supervision. Respondent's Exhibit 101.

Petitioner directly appealed his sentence, but the Oregon Court of Appeals affirmed the trial court's decision from the bench, and the Oregon Supreme Court denied review. State v. Dixon, 157 Or.App. 726, 972 P.2d 1227 (1998), rev. denied, 328 Or. 330, 987 P.2d 509 (1999).

Petitioner next filed for collateral relief in Oregon's post-conviction ("PCR") courts raising six claims of ineffective assistance of counsel. Respondent's Exhibit 108. The PCR trial court denied relief on all claims. Respondent's Exhibits 121, 122. The Oregon Court of Appeals granted the State's Motion for Summary Affirmance, and the Oregon Supreme Court denied review. Respondent's Exhibits 127, 128.

On February 2, 2005, petitioner filed his Amended Petition for Writ of Habeas Corpus which presents a single claim, namely whether his trial counsel was constitutionally ineffective by failing to conduct a thorough investigation and failing to present exculpatory testimony and evidence at trial.

Respondent asks the court to deny relief on this claim because: (1) it was not fairly presented to either the Oregon Court of Appeals or the Oregon Supreme Court in a context in which the merits of the claim would be considered; (2) the PCR trial court's decision denying relief on this claim is entitled to deference; and (3) the claim lacks merit. Because the court finds petitioner's ineffective assistance of counsel claim to be without merit, it need not decide whether he fairly presented the claim to Oregon's state courts. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

4 - FINDINGS AND RECOMMENDATION

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id at 410. The state court's application of clearly established law must be objectively unreasonable. Id at 409.

## II. Analysis

In his sole claim for relief, petitioner alleges that trial counsel was ineffective because he "failed to conduct a th[o]rough investigation of the facts of the case and thereby failed to call witnesses and secure evidence that would have supported the defense." Memo in Support (docket #37), pp. 1-2. In his supporting memorandum, he quotes the argument contained in his PCR appellate brief:

> "[Trial] counsel failed to find a material witness who was parked in a rig outside the night club on the night

5 - FINDINGS AND RECOMMENDATION

> in question, failed to locate material witnesses who were employees of the club on the night in question, and would have been able to testify that the alleged victim was amorous with him at the club just prior to leaving with him, and failed to even secure surveillance videotape from the club that would have confirmed his version of events."

Memorandum of Law in Support of Amended Petition(docket #37), pp 7-8.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. Id at 696.

During petitioner's PCR proceedings, the State introduced an affidavit from petitioner's trial attorney documenting the efforts

counsel undertook to investigate the case.[1] Respondent's Exhibit 118. Petitioner, however, was unable to offer the PCR trial court evidence which might have shown that he was the victim of ineffective assistance of counsel. Petitioner admitted as much in his PCR trial memorandum: "Contemporary investigation reveal[s] no way to determine which truck, or driver was parked outside the Embers Club on the night in question. Neither is it possible to determine which patrons or employees worked on the night in question." Respondent's Exhibit 109, p. 2. As a result, the PCR trial court found that "[t]here was an absolute failure on all issues raised by petitioner in his *pro se* petition for post-conviction relief," and concluded that petitioner was not denied his constitutional right to the assistance of counsel as articulated by the Supreme Court in <u>Strickland</u>. Respondent's Exhibit 121, p. 2.

Petitioner asks the court to reject the findings of the PCR trial court because counsel's failure to perform a timely investigation resulted in petitioner's own inability to identify and secure missing witnesses and evidence for his PCR trial. In the absence of any evidence to support his assertions, petitioner

---

[1] Petitioner asks this court to disregard counsel's affidavit because he incorrectly attests that he represented petitioner during sentencing. At petitioner's request, counsel withdrew his representation for the sentencing phase of the trial, but continued to submit legal memoranda and act as petitioner's legal advisor. Respondent's Exhibit 113. Consequently, although counsel did not "represent" petitioner in the technical sense of the word, he did act as a legal advisor. Thus, his recollection that he represented petitioner at sentencing is not so erroneous as to lead the court to reject his affidavit in its entirety.

7 - FINDINGS AND RECOMMENDATION

is attempting to prove his ineffective assistance of counsel claim by alleging that counsel's ineffectiveness has rendered it impossible for him to prove the same. This circular argument is insufficient to prove that the PCR trial court's decision, based on the evidence before it, was an unreasonable application of clearly established federal law.

Even assuming the court were to grant the Amended Petition, a new criminal trial would be a fruitless exercise because, as in his PCR trial as well as this proceeding, petitioner would be unable to offer the evidence which he claimed counsel failed to discover and introduce during his 1996 criminal trial.

Moreover, in the unlikely event that petitioner could now locate the Embers' surveillance tape and identify the witnesses he claims counsel should have called, at best the evidence would show only that Perkins willingly left the Embers with him. Such evidence speaks directly to the Kidnaping charge of which petitioner was acquitted and does not directly bear upon the events which took place after Perkins entered petitioner's motel room. Consequently, assuming petitioner could prove that counsel's investigation fell below an objective standard of reasonableness, it is doubtful that petitioner could prove that he was prejudiced by counsel's error.

For these reasons, the PCR trial court's conclusion that he was not denied his right to the assistance of counsel is neither

contrary to, nor an unreasonable application of, clearly established federal law.

### III. Evidentiary Hearing

Finally, petitioner asks the court to conduct an evidentiary hearing should it harbor any reservations concerning the historical facts underlying his ineffective assistance of counsel claim. Petitioner has already represented that he was unable to develop additional evidence during his PCR trial because approximately three years had elapsed between his encounter with Perkins and his PCR trial. Because almost nine years have now elapsed since the incident giving rise to petitioner's convictions, it would only be more difficult to acquire the evidence he seeks.

In addition, assuming petitioner could develop additional, relevant evidence in this proceeding that he did not develop in preparation for his PCR trial, his failure to develop the evidence during his PCR proceedings would be attributable to his own lack of diligence. He would therefore be required to meet the stringent requirements of 28 U.S.C. § 2254(e)(2) in order to proceed to an evidentiary hearing in this case.[2]  See Williams v. Taylor, 529

---

[2] Where a petitioner failed to diligently failed to develop his claims in the state courts, an evidentiary hearing is permitted only if petitioner's claim relies on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(i) and (ii). In addition, the facts underlying the claim must be sufficient to establish by clear and convincing evidence, that no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2254 (e)(2)(B).

9 - FINDINGS AND RECOMMENDATION

U.S. 420, 433-438 (2000). Petitioner is not able to satisfy those requirements.

Moreover, as noted above, the evidence petitioner seeks would not speak directly to his crimes of conviction. Accordingly, even assuming petitioner could overcome the hurdles imposed by 28 U.S.C. § 2254(e)(2), the court would not benefit from any further factual development of the record. For these reasons, petitioner's request for an evidentiary hearing should be denied.

## **RECOMMENDATION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#36) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## **SCHEDULING ORDER**

Objections to these Findings and Recommendation(s), if any, are due June 17, 2005. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

///
///
///
///
///
///

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

DATED this <u>27th</u> day of May, 2005.

<u>/s/  Janice M. Stewart</u><br>
Janice M. Stewart<br>
United States Magistrate Judge